**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50336 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-04141-BAS-1 |
| v. | |
| GILBERTO MARTINEZ-HERNANDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted May 13, 2020**
Pasadena, California

Before: WARDLAW, COOK,*** and HUNSAKER, Circuit Judges.

Gilberto Martinez-Hernandez appeals his conviction for knowingly

importing cocaine, arguing the district court abused its discretion by admitting

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Deborah L. Cook, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

evidence at trial of the $2,283 he had in his pocket at his arrest and the retail value of four kilograms of cocaine. He also seeks remand for an evidentiary hearing regarding whether the prosecutor engaged in misconduct related to the cash evidence. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction and decline to remand for an evidentiary hearing.

Even if the district court abused its discretion in admitting the challenged evidence, the error was harmless because "it is more probable than not that [it] did not materially affect the verdict." *United States v. Liera*, 585 F.3d 1237, 1244 (9th Cir. 2009) (citing *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002)). The Government presented substantial evidence of Martinez-Hernandez's guilt separate from the evidence of the cash or the cocaine's retail value. *Cf. id.* at 1244–45. Moreover, neither party argued the import of the cash evidence to the jury, and Martinez-Hernandez does not challenge the admission of the cocaine's wholesale value on appeal. Thus, considering both the individual and cumulative effects of the challenged evidence, we conclude there is no reversible error.

We also conclude that remand for an evidentiary hearing is unwarranted. Martinez-Hernandez argues the prosecutor had a *Brady* obligation to correct the district court's proffered theory of relevance of the cash evidence, but he has not established that any such duty existed. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). And even if he had, again, we conclude any error was harmless.

The district court's theory that the cash was relevant to show possible prepayment for drug trafficking could not have materially affected the fairness of the trial where the theory was proffered outside the presence of the jury, and the Government did not present or argue it to the jury. *See United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190–91 (9th Cir. 2015). And, as just discussed, it is not probable that admission of the cash evidence materially affected the verdict given the force of the evidence against Martinez-Hernandez. *Cf. id*. at 1198.

**AFFIRMED.**